NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAR 27 2018
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

LYNN SMITH,

        Appellant,

v.

MANASQUAN BANK,

        Appellee.

Civ. No. 18-0048

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court on the application of Lynn Z. Smith ("Appellant") to proceed *in forma pauperis* on her appeal to this Court. (ECF No. 1-2.) The Court denies Plaintiff's application to proceed *in forma pauperis*.

## DISCUSSION

To avoid paying court fees, a plaintiff may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran,* 457 F. App'x 141, 144 (3d Cir. 2012).

1

Appellant submitted to this Court an Application to Proceed without Prepaying Fees or Costs that she submitted to the Bankruptcy Court before the filing of this appeal. (*See* ECF No. 1-2.) In this form, Appellant asserts that her employment income is $5,200 per month, but she then attests that her gross monthly pay from her employer The College of New Jersey is $7,129 per month. She also claims that she has a negative balance of $1,511 in her checking account. She has monthly expenses of $4,225 per month, and approximately $8,000 in assets other than the $1,750,000 home in which she currently resides. Appellant claims that she intends to spend $500 in attorney's fees and expenses in conjunction with this appeal, but to date all of her filings are *pro se*.[1] Based on the facts, the Court believes that Appellant has not shown sufficient economic disadvantage to permit her to proceed *in forma pauperis*.

## CONCLUSION

IT IS, on this 27th day of March, 2018,

ORDERED that Appellant's application to proceed *in forma pauperis* is DENIED; and it is further

ORDERED that Appellant shall pay the fees required to proceed with this appeal.

　　　　　　　　　　　　　　　　　　*Anne E. Thompson*
　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.

---

[1] Appellant includes in her application that the actions of the presiding bankruptcy judge "ha[ve] just raised the cost of retaining an attorney from $500 to some amount ranging between $2,500–5,000 up front" (ECF No. 1-1), but provides no support or explanation for this assertion.

2