NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LYNN SMITH,

       Appellant,

v.

MANASQUAN BANK,

       Appellee.

Civ. No. 18-0048

**OPINION**

RECEIVED MAR 27 2018 AT 8:30 WILLIAM T. WALSH, CLERK

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon multiple motions by Appellant Lynn Smith ("Appellant") and a cross-motion to dismiss the appeal by Appellee Manasquan Bank ("Manasquan Bank") (ECF No. 8). The Court has decided these Motions based on the written submissions, without oral argument pursuant to Local Civil Rule 78.1(b).

### BACKGROUND

This case is an appeal in Appellant's bankruptcy action presided over by the Honorable Michael B. Kaplan, U.S.B.J. Appellant filed a Chapter 13 bankruptcy in December 2017. On December 20, 2017, Judge Kaplan issued an order shortening the time period for notice and setting a January 2, 2018 hearing on Manasquan Bank's motion to convert Appellant's bankruptcy proceedings from Chapter 13 to Chapter 7 and/or for relief from the automatic stay. (*See* ECF No. 1-1.) Appellant filed the instant appeal on January 3, 2018. That same day, Judge

1

Kaplan converted Appellant's case into a Chapter 7 bankruptcy. Since filing in this Court, Appellant has made two subsequent amendments to her notice of appeal and filed a number of motions related to her appeal and bankruptcy court proceedings. The Court will address the following Motions in this Opinion: (I) Manasquan Bank's Cross-Motion to Dismiss Appeal (ECF No. 8); and Appellant's (II) Motion for Order Staying Sheriff's Sale of Appellant's Home (ECF No. 2); (III) Motion to Vacate the Order to Convert Chapter 13 to Chapter 7 (ECF No. 4); (IV) Motion to Supplement the Record (ECF No. 5); (V) Amended Motion for Disqualification of Presiding Judge in Chapter 13: 17-34862 (ECF No. 6); (VI) Motion for Order Staying Bankruptcy Court Proceedings (ECF No. 13); and (VII) Emergent Motion for Stay of Chapter 7 Proceedings for Cause (ECF No. 30).

## DISCUSSION

### I. Cross-Motion to Dismiss Appeal

Manasquan Bank has filed a Cross-Motion to Dismiss Appeal in conjunction with its opposition to some of Appellant's Motions. (ECF No. 8.) Manasquan Bank argues that this appeal is improper because Appellant appeals an interlocutory order, for which she must seek the Court's leave to appeal, and in the alternative, it is moot. (Appellee's Cross-Mot. at 2, ECF No. 8-1; *see also* Counter-Designation of Record and Statement of Issues on Appeal, ECF No. 17.)

A party to a bankruptcy proceeding may appeal and a district court may review final judgments, orders, or decrees of a bankruptcy court as of right. Fed. R. Bankr. P. 8003(a)(1); *see* 28 U.S.C. § 158(a)(1). Otherwise, parties must move for leave to appeal interlocutory orders and decrees. Fed. R. Bankr. P. 8004(a); *see* 28 U.S.C. § 158(a)(3). The rules for bankruptcy cases differ slightly from those governing the appeal and review of district court orders: "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally

dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1687, 1692 (2015) (quoting *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)); *see In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (discussing the relaxed, broad, and pragmatic approach to finality in the context of bankruptcy); *see also In re Murphy*, 679 F. App'x 107, 109 (3d Cir. 2017) (per curiam).

Manasquan Bank argues that this appeal is both interlocutory and moot because it is based on Judge Kaplan's order shortening time—attached to Appellant's Notice of Appeal as the order of which she seeks review. (*See* Counter-Designation at 2, ECF No. 17.) The Court does not disagree that the December 20, 2017 order is a moot issue. In Appellant's Second Amended Notice of Appeal,[1] however, she attaches Judge Kaplan's January 3, 2018 "Order Converting Case to Chapter 7" (*see* Ex. A, ECF No. 15) and makes this conversion order the first of three enumerated points of relief sought. Her other filings that purport to summarize the issues on appeal discuss this conversion order as a basis on which she seeks relief. (*See, e.g.*, Notice of Appellant Brief at 3, ECF No. 11; First Amended Notice of Appeal at 1–2, ECF No. 7). Therefore, liberally construing this *pro se* Appellant's filings, *see Higgins v. Wells Fargo Bank, N.A.*, 2017 WL 1086327, at *3 (D.N.J. Mar. 21, 2017), the conversion order is (at least in part) the basis for Appellant's appeal.[2]

---

[1] The Court treats the Second Amended Notice of Appeal as the dispositive notice of appeal and scope of relief sought in this appeal. This includes:

> 1. Order Reinstating Chapter 13 Petition, Vacating the Order Converting the Case to Chapter 7 . . . 2. Order Maintaining Automatic Stay until the Debtor's Chapter 13 petition or a Chapter 11 petition is approved or not approved by the presiding judge; . . . 3. Order Naming a New Presiding Judge.

(Second Am. Notice of Appeal at 1, ECF No. 15.)

[2] The Court notes that there is a strict timeliness requirement for the filing of the notice of appeal in a bankruptcy case—14 days following the entry of an order—which is considered jurisdictional. *See* Fed. R. Bankr. P. 8002(a)(2); *In re Jarusik*, 653 F. App'x 772, 773 (3d Cir. 2016) (Mem. Op.). Appellant timely filed her initial notice of appeal following the December

3

Courts have recognized that conversion of the chapter or type of bankruptcy proceedings may be considered final and appealable. *See, e.g., Matter of Halvajian*, 216 B.R. 502, 510 (D.N.J. 1998) (finding conversion of case from Chapter 11 to Chapter 7 was an appealable final order because of conversion's impact and because it conclusively determined an issue in the case); *see also In re Rosson*, 545 F.3d 764, 770 (9th Cir. 2008) ("An order converting a case under another chapter to one under Chapter 7 determines finally the discrete issue to which it is addressed, i.e., whether or not the case will be converted."); *Bulmer v. Bulmer*, 2014 WL 823659, at *6 n.16 (D. Md. Feb. 28, 2014) (noting, with respect to conversion from Chapter 13 to Chapter 7, that "[c]onversion orders are 'immediately appealable' either as final orders or under the collateral order doctrine" (citing *In re Fraidin*, 110 F.3d 59 (Table) (4th Cir. 1997))). *But see Carroll v. Tutein*, 2014 WL 1218904, at * (D.V.I. Mar. 24, 2014) ("[A]n order on a motion to convert proceedings from Chapter 13 to Chapter 7 is an interlocutory order because it is an 'incidental procedural matter.'" (quoting *Matter of Kutner*, 656 F.3d 1107, 1111 (5th Cir. 1981))).

With this conversion order, Judge Kaplan disposed of the discrete issue as to the quantity of debt in Appellant's petition and whether it violated the ceiling for Chapter 13. (*See* Ex. B, Tr. 7:8–11, 9:1–12, ECF No. 15 (transcript of proceedings before Judge Kaplan on January 2, 2018).) Additionally, this conversion order effectively brought the Chapter 13 proceeding to an end, replacing it with a Chapter 7 proceeding. *Cf. In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006) (noting that *denying* motion to convert chapter of proceedings was not final). With the broad

---

20, 2017 order. While her first amended notice of appeal referring to the conversion order was made 17 days following the order (ECF No. 7 dated 1/19/2018), the Court excuses this delay. The time frame is not unreasonable or prejudicial. Appellant also filed her motion to vacate the conversion order 13 days later. (ECF No. 4 dated 1/16/2018.) Although a motion to vacate is not the proper mechanism to seek review of Judge Kaplan's order, this nonetheless put all parties and the Court on notice of Appellant's intent.

4

treatment of bankruptcy finality in mind, the Court is satisfied that Appellant is entitled to appeal this matter as of right.

Despite this liberal construction of Appellant's issues presented and basis for appeal, to the extent that she seeks review of Judge Kaplan's December 20, 2017 order shortening time (*see, e.g.*, Appellant Br. at 6, 7, ECF No. 33), the Court does not have jurisdiction. The order shortening time was an interlocutory order, not a final order providing Appellant with appeal as of right. To review this decision, she would need to seek leave of the Court. It is also moot, as noted above. In sum, Manasquan Bank's Cross-Motion is granted in part and denied in part.

## II. Motion to Stay Sheriff's Sale

Appellant moves the Court to stay the sheriff's sale of her home pending a final judgment in the present appeal. (ECF No. 2.) Under 11 U.S.C. § 362, the filing of bankruptcy generates an automatic stay that would prevent the sale of Appellant's home. *See Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991).

Based on the record, there is no impending sheriff's sale scheduled for Appellant's home. Despite Appellant's repeated requests that this Court maintain the stay or "Reinstat[e] Automatic Stay and Vacate December 20, 2017 Order Vacating Stay" (ECF No. 7), there is no indication that Judge Kaplan has lifted or granted relief from this stay. Rather, as Manasquan Bank submits, Judge Kaplan denied relief from the stay. (*See* Appellee's Cross-Mot. at 5, ECF No. 8-1.) This assertion is corroborated by the Court's rulings from the bench at the January 2, 2018 hearing. (Tr. 15:25–16:2 ("I am not vacating the stay . . . . It's in place.").) Therefore, because Appellant has the protection of an automatic stay, her Motion is denied.

## III. Motion to Vacate Order Converting Bankruptcy

Appellant moves the Court to enter an order vacating Judge Kaplan's conversion of Appellant's bankruptcy proceedings from Chapter 13 to Chapter 7. (ECF No. 4) As discussed above, this conversion order by Judge Kaplan is the basis for Appellant's appeal. *See supra* note 1. (*See also* Appellant's Br. at 2 ("Jurisdictional Statement: This appeal arises from a final order of the U.S. Bankruptcy Court for the District of New Jersey converting the Chapter 13 of Lynn Z. Smith to a Chapter 7 case."); *compare* ECF No. 4, *with* ECF Nos. 1, 7, 15.) Because this Motion addresses the order being appealed, it is duplicative and redundant of the appellate process itself. Therefore, the Court declines to address the merits of Appellant's argument until fully briefed by all parties, and Appellant's Motion is denied.

## IV. Motion to Supplement the Record

Appellant moves to supplement the record on appeal with a letter from Mr. Brian Smith, her husband, to Chief Justice Rabner of the New Jersey Supreme Court. (ECF No. 5.) The record in a bankruptcy appeal is comprised of the factual record that was before the bankruptcy court, and it may be supplemented if the appellant can "demonstrate that the evidence . . . could not have been discovered during the bankruptcy proceedings." *In re WebSci Tech., Inc.*, 234 F. App'x 26, 31 (3d Cir. 2007).

Appellant makes no showing to meet the standard for supplementing the record. The letter she seeks to add was mailed after the filing of this appeal, and therefore presumably did not exist at the time of the underlying bankruptcy proceedings. *See In re Medford Crossings North LLC*, 2012 WL 1981718, at *4 (D.N.J. May 31, 2012) (declining to extend exception to supplement record with undiscoverable documents to "documents that were *nonexistent* at the time of the bankruptcy court proceedings"). Moreover, while Appellant claims that the issues

6

addressed in this letter "have bearing on [her] Chapter 13 petition" (Mot. Suppl. R. at 2, ECF No. 5), this appeal is limited to the context of bankruptcy, not other litigation pending in other jurisdictions or her husband's legal matters. Even if these events are germane to her bankruptcy, it is not within this Court's authority to review those decisions. Accordingly, the Motion is denied.

V.      **Motion to Disqualify Bankruptcy Judge**

Appellant filed an Amended Motion for Disqualification of Presiding Judge in Chapter 13: 17-34862—her bankruptcy case. (ECF No. 6.)[3] Although this is one of the grounds for relief presented by Appellant, *see supra* note 1, the Court will consider this Motion. Unlike the motion regarding the conversion order, *see supra* section III, the question of disqualification is not the actual basis for appeal or reason to overturn or vacate "a judgment, order, or decree of a bankruptcy court." Fed. R. Bankr. P. 8003(a)(1). This is a collateral matter raised by Appellant seeking relief distinct from Judge Kaplan's orders. *Cf. Raza v. Biase*, 2008 WL 682236, at *2 (D.N.J. Mar. 7, 2008) (appeal from an order denying motion to disqualify the bankruptcy judge).

The disqualification of bankruptcy judges is governed by 28 U.S.C. § 455. Fed. R. Bankr. P. 5004(a). A judge should recuse himself if he has any impartiality, bias, or prejudice related to a party. *See* 28 U.S.C. § 455(a), (b)(1). The standard or test for disqualification is whether a reasonable person with knowledge of the circumstances would reasonably doubt the judge's impartiality. *See In re Walters*, 649 F. App'x 273, 275 (3d Cir. 2016); *Tare v. Bank of Am.*, 2008 WL 4372785, at *3 (D.N.J. Sept. 19, 2008) (quoting *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004)).

---

[3] The operative Motion here is styled as an "Amended Motion," but the original motion (ECF No. 3) was terminated on the docket. (*See* ECF Entry Dated 1/17/2018.)

7

Here, Appellant presents conclusory allegations, not "facts that are sufficiently definite and particular to convince a reasonable person that bias exists." *Tare*, 2008 WL 7342785, at *3; *see also id.* at *5. She relies on statements Judge Kaplan made at the January 2, 2018 hearing regarding his familiarity with the case, having handled her husband's bankruptcy. But his references towards her husband having been dilatory or not cooperative in his own bankruptcy (*see* Am. Mot. Disqualify at 1–2, ECF No. 6) would not lead a reasonable person to conclude that Judge Kaplan harbors a "deep-seated antagonism" towards Appellant or her family. *Id.* at *6. (*See* Tr. 15:2–4 ("The Court does recall that there was a lack of cooperative effort by Mr. Smith. Now, I can't ascribe that to Mrs. Smith but I have nothing to suggest the contrary.").) Appellant's allegations that Judge Kaplan acted with rage, fear, or anger (Am. Mot. Disqualify at 7, 11) are unsupported assertions of his mental state. And her arguments that Judge Kaplan has ignored his responsibilities of judicial conduct and ethics with respect to state actions (*id.* at 3–5) have an attenuated connection to these bankruptcy proceedings and no bearing on his qualification to preside.

Appellant also improperly relies on the substance of Judge Kaplan's orders shortening time and converting her petition. *See Raza*, 2008 WL 682236, at *3 ("[T]he party claiming bias or prejudice must show some extrajudicial source for the bias or prejudice . . . . the claimant cannot use judicial actions, such a orders issued against the claimant, as the basis for a bias claim because those actions can be corrected on appeal."). For these reasons, Appellant's Motion to disqualify is denied.[4]

---

[4] It is unclear whether this Motion was first filed before Judge Kaplan, requesting that he recuse or disqualify himself from Appellant's bankruptcy proceedings (*see* Designation of Record at 4, ECF No. 14 (table purporting to represent bankruptcy docket reflecting motion to recuse filed 1/16/18)), as is the typical procedure for such motions. *See In re MRL Residential Leasing, Inc.*, 121 F.3d 709 (Table) (6th Cir. 1997) ("Moreover, while a recusal motion by the adversely affected party is not always required, MRL's failure to raise this issue in the bankruptcy court

8

## VI. Motions to Stay Bankruptcy Proceedings

Appellant has filed two motions to stay bankruptcy proceedings, one of which has been styled as an emergent motion. (ECF Nos. 13, 30.) Trustee Andrea Dobin ("Trustee") opposed Appellant's request for a stay. (ECF No. 16.) Appellant filed a reply and amended reply. (ECF Nos. 20, 22.) A motion for a stay of bankruptcy proceedings pending appeal must be filed in the first instance before the bankruptcy court judge. Fed. R. Bankr. P. 8007(a)(1)(A); *Truong v. Kartzman*, 2007 WL 1816048, at *3 (D.N.J. June 22, 2017). This requirement may be waived with a sufficient showing of impracticability. *See* Fed. R. Bankr. P. 8007(b)(2)(A). Motions to stay are assessed by balancing the same factors used for a preliminary injunction under Federal Rule of Civil Procedure 65. *See In re Revel AC, Inc.*, 802 F.3d 558, 568–69 (3d Cir. 2015).[5] Most importantly, the appellant must demonstrate "(1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm . . . that cannot be prevented or fully rectified by a successful appeal." *Id.* (internal citations and quotations omitted) (citing *Nken v. Holder*, 556 U.S. 418, 434–35 (2009)) (noting that the preliminary injunction factors are used to assess stays pending appeal in bankruptcy, with emphasis placed on the first two factors); *In re Thors*, 2017 WL 3314235, at *3 (Bankr. D.N.J. June 5, 2017) ("The first two factors are most important in the Court's consideration of a request for a stay pending appeal."). Under the Bankruptcy Rules, the appellant must support a motion to stay with reasons and facts to justify relief,

---

further undermines its claim of prejudice."); *Matter of Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 441 (N.D. Ill. 1995) ("FNB-Harvey did not raise [recusal] before the bankruptcy judge, and cannot now pursue this argument in this forum as a means to defeat an unfavorable result.").

[5] This assessment is employed in conjunction with a sliding-scale approach: the burden on the movant depends on the assessment of all four stay factors. *In re Revel AC, Inc.*, 802 F.3d at 569. "Stated another way, '[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in [its] favor; the less likely [it] is to win, the more need it weigh in [its] favor.'" *Id.* (quoting *Roland Mach. Co. v. Dresser Inds., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984)).

9

affidavits or sworn statements to support disputed facts, and any relevant parts of the record. Fed. R. Bankr. P. 8007(b)(3).

First, Appellant's Motions are procedurally improper because she failed to move for a stay of bankruptcy proceedings before Judge Kaplan in the first instance before filing the Motions before this Court. Despite Appellant's contentions, the record reflects that she has moved Judge Kaplan to stay an alleged sheriff's sale pending the final judgment in this appeal, not a stay of bankruptcy proceedings as she moves the Court to do in the present Motions. (*Compare* Appellant's Reply at 8, ECF No. 20 (describing relief sought from Bankruptcy Court Judge), *with* ECF Nos. 13, 30 (seeking a stay of Chapter 7 bankruptcy proceedings until this appeal is adjudicated).) Likewise, Appellant has made no showing or argument of impracticability under Bankruptcy Rule 8007(b)(2)(A).

Second, Appellant has failed to meet her burden. She has not demonstrated, at minimum, a likelihood of success on the merits and irreparable harm. Appellant's Motions do not explain why she is entitled to maintain a Chapter 13 bankruptcy: the portion of her reply that addresses this factor focuses on past events and underlying conduct in state court and her amended reply makes no mention of the substance of Judge Kaplan's orders, such as the conversion order and Appellant's qualifications for Chapter 13 proceedings. (*See* Appellant's Reply at 10.) Therefore, the Court has no basis on which to conclude that her appeal will more likely succeed than fail, or even that there is a reasonable chance of success. *See In re Revel AC, Inc.*, 802 F.3d at 568. And, as noted above, the automatic stay triggered by the filing of bankruptcy proceedings remains in effect—Appellant and her family will not lose their home. Thus, irreparable injury is not likely. *See id.* at 569 (noting irreparable injury must be likely, not merely possible, absent a stay).

Finally, the allegations currently presented do not support Appellant's claims of bias or unjudicial behavior by the Bankruptcy Judge (*see, e.g.*, Appellant's Reply at 4, 7, ECF No. 13; Appellant's Emergent Mot. Stay at 2, ECF No. 30) to justify circumvention of these rules. *Truong*, 2007 WL 1816048, at *3; *supra* section V. In sum, because Appellant fails to make an adequate showing on the first two factors, the Court need not assess the remaining two, *see In re Thors*, 2017 WL 3314235, at *3, and Appellant's Motions to stay bankruptcy proceedings pending the resolution of this appeal are denied.

## CONCLUSION

For the reasons detailed above, Appellant's Motions are denied, and Manasquan Bank's Cross-Motion is denied in part and granted in part. An accompanying Order will follow.

Date: 3/27/18

ANNE E. THOMPSON, U.S.D.J.