NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RECEIVED
APR 30 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

LYNN SMITH,

   Appellant,

v.

MANASQUAN BANK,

   Appellee.

Civ. No. 18-0048

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon a motion for reconsideration by Appellant Lynn Smith ("Appellant"). (ECF No. 47.) The Court has decided this Motion on the submissions of the parties, without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Appellant's Motion is denied.

## BACKGROUND

This case is an appeal of a bankruptcy court decision by the Honorable Michael B. Kaplan, U.S.B.J. Appellant seeks review of Judge Kaplan's order converting her case from a Chapter 13 to Chapter 7 proceeding. (*See* Op. at 3, 3 n.1, ECF No. 36.) Appellant filed her first notice of appeal, which has subsequently been amended, on January 3, 2018.

Appellant filed a number of motions before the Court pending the disposition of her appeal. On March 27, 2018, the Court issued an Opinion denying Appellant's pending motions,

1

including a motion to stay bankruptcy proceedings. (ECF Nos. 36, 37.) The Court found that Appellant failed to follow Federal Rule of Bankruptcy Procedure 8007(a)(1)(A), and Appellant did not make a sufficient showing to justify a stay. (*See* Op. at 9–10.) On April 16, 2018, Appellant moved for reconsideration of the Court's Order and Opinion with respect to denial of her motion to stay, styled as an "Emergent Motion." (ECF No. 47.) This Motion is presently before the Court.

## LEGAL STANDARD

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). A motion for reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A party may seek reconsideration if it believes the judge overlooked a matter or controlling decision, L. Civ. R. 7.1(i), but it is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for

2

reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Procedurally, a motion for reconsideration must be filed within 14 days of the original order or judgment of which it seeks review. L. Civ. R. 7.1(i).

## DISCUSSION

Appellant moves the Court to reconsider its decision that a stay of bankruptcy proceedings was not warranted, arguing that: (1) she already moved Judge Kaplan for a stay, correcting any procedural defects; (2) she is likely to succeed on the merits of her appeal; and (3) irreparable harm will result without a stay. (*See generally* Appellant's Letter Br., ECF No. 47-1.) Appellant either asks the Court to stay her bankruptcy proceedings pending the resolution of the appeal before this Court, or alternatively, until late May.[1] (*Id.* at 4.)

The operative Order and Opinion was entered on March 27, 2018, and Appellant moved the Court for reconsideration on April 16, 2018—twenty days later and six days out of time. There is ample support for the Court's authority to deny Appellant's Motion as untimely under Local Civil Rule 7.1 alone. *See, e.g.*, *Testa v. Hoban*, 2017 WL 2335644, at *7 (D.N.J. May 30, 2017). The Court has the discretion to relax such timeliness rules and requirements where justice so requires, *see* L. Civ. R. 83.2(b), and the same leniency is often afforded to *pro se* litigants where good cause is shown, *Oriahki v. Bureau of Prisons*, 2009 WL 1874199, at *3 (D.N.J. June 29, 2009). Appellant has made no showing of good cause for her delay. Accordingly, Appellant's Motion is denied as untimely, but the Court will also consider the merits of her arguments in the alternative.

---

[1] Appellant's request is unclear in this respect. She asks the Court to stay the proceedings "until Friday, May 21, 2018, if you grant the 37-days I effectively asked for on January 31st, based on a start time of Your Honor's receipt of this motion on Monday, April 16th, or until Monday, May 24, 2018, which permits a several day period for Your Honor to read this motion and rule on or by the requested date of Wednesday, April 18, 2018." (Appellant's Letter Br. at 4.) These dates are not accurate dates in the month of May.

3

First, Appellant argues that she moved Judge Kaplan to stay the proceedings, as required by the Bankruptcy Rules, in a generalized motion for miscellaneous relief on January 21, 2018. (Appellant's Letter Br. at 3–4.) It is unclear whether this generalized request meets the requirements of Federal Rule of Bankruptcy Procedure 8007, but even so, the Court will not rely on this argument, as it was not dispositive in its initial Opinion where the Court considered both the procedure and substance of Appellant's request. (*See* Op. at 10.)

Second, most of the substantive arguments Appellant raises regarding the test for a stay[2] improperly represent disagreement with the Court's outcome. Specifically, she puts forth a renewed argument of her strong likelihood of success to justify a stay, but in doing so, Appellant mirrors representations already considered by the Court. Appellant focuses on her likelihood of success on her state claims. (Appellant's Letter Br. at 4; *see id.* at 5). While they may be germane to her debt situation, they do not have direct bearing on the bankruptcy proceedings at hand and do not prove a likelihood of success on the subject matter of this appeal, i.e. whether Judge Kaplan properly converted her bankruptcy proceedings. Appellant also focuses on her ability to retain an attorney, insofar as an attorney will allow her to succeed on her claims. (*Id.* at 4.) This argument is speculative and does not speak to the actual merits of her appeal.

Third, Appellant attempts to demonstrate that she has met the standard for a stay because irreparable harm will occur if the Motion is not granted. Appellant presents new arguments that could have been raised at the initial motion. However, liberally construing Appellant's pleadings, the Court interprets this request to seek reconsideration based on manifest injustice. A movant must show "that irreparable injury is *likely* [not merely possible] in the absence of [a]

---

[2] As discussed in the Court's last Opinion, the test for a stay of bankruptcy proceedings is the same four-part test used to assess a preliminary injunction, with particular emphasis placed on the likelihood of success and irreparable harm elements. (Op. at 9 (citing *In re Revel AC, Inc.*, 802 F.3d 558, 568–69 (3d Cir. 2015)).)

4

[stay]." *In re Revel AC*, 802 F.3d at 569 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (emphasis and alterations in original). This factor questions whether "corrective relief . . . in the ordinary course of litigation" will be available. *Id.* at 571 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Appellant describes irreparable harm caused by an alleged sexual predator that has been harassing her family and children (Appellant's Letter Br. at 5), which has an extremely attenuated connection to this litigation. Based on Appellant's brief and exhibits, the Court cannot conclude that a stay will alleviate or avoid harm. Appellant also references threats and "inappropriate motions or retributive moves" by Trustee Andrea Dobin. (*Id.* at 6.) These are unspecific allegations of misconduct by the Trustee, lacking support, and "at best speculative" of future harm that may result absent a stay. *In re Revel*, 802 F.3d at 573; *see also NLRB v. 710 Long Ridge Road Op. Co. II, LLC*, 2014 WL 1155539, at *3 (D.N.J. Mar. 21, 2014) ("Appellant's entire argument consists of conjectural statements . . . ."). On these bases, the Court cannot find irreparable harm will result if the bankruptcy proceedings are not stayed. In sum, Appellant's Motion is untimely and lacks merit.

## CONCLUSION

For the reasons stated above, Appellant's Motion for Reconsideration is denied. An appropriate Order will follow.

Date: 4/27/18

ANNE E. THOMPSON, U.S.D.J.

5