NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED

MAY 0 9 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

---

LYNN SMITH,

          Appellant,

v.

MANASQUAN BANK,

          Appellee.

---

Civ. No. 18-0048

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon a motion to retain law firms for representation and asset recovery by Appellant Lynn Smith ("Appellant"). (ECF No. 42.) U.S. Trustee Andrea Dobin ("Trustee") and Appellee Manasquan Bank ("Appellee") oppose. (ECF Nos. 52, 53.) The Court has decided this Motion on the submissions of the parties, without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Appellant's Motion is denied.

## BACKGROUND

This case is an appeal of a bankruptcy court decision by the Honorable Michael B. Kaplan, U.S.B.J. Appellant seeks review of Judge Kaplan's order converting her case from a Chapter 13 to Chapter 7 proceeding. (*See* Op. at 3, 3 n.1, ECF No. 36.) To date, the Court has addressed a wide variety of motions by Appellant concerning her appeal. On April 11, 2018, Appellant moved to retain law firms for representation and asset recovery, styled as an

"Emergent" motion. (ECF No. 42.) Trustee opposed on April 23, 2018, and Appellee opposed on April 30, 2018. (ECF Nos. 52, 53.) Also on April 30, 2018, Appellant replied to Trustee's opposition, but despite the Court's repeated direction, failed to properly docket the brief with the Clerk's Office. This Motion is presently before the Court.

## DISCUSSION

Appellant moves the Court to permit her to retain representation. She specifically requests: (1) a Chapter 11 or Chapter 13 attorney, and (2) someone to gather evidence to vacate her state court judgment. (*See* Appellant's Mot. at 3, ECF No. 42.) To do so, she pledges a $100,000 lien on her home. (*Id.*; *see also* Appellant's Reply at 5 (offering a $50,000 lien instead of the previously suggested $100,000).) In response, Trustee argues that this Motion is procedurally deficient and improper because the home is estate property within Trustee's exclusive domain, and therefore, Appellant cannot pledge a lien on her home. (*See* Tr. Opp'n at 2, ECF No. 52.) Appellee opposes on the grounds that this $100,000 proposed lien is subordinate to its own liens on the property, Appellant has no authority to pledge her home, and the request is irrelevant to the appeal. (*See generally* Appellee Opp'n, ECF No. 53.)

There are two threshold hurdles that the Court must address. First, there is an issue of jurisdiction. Sitting in an appellate posture pursuant to 28 U.S.C § 158(a), this Court's jurisdiction and scope of review is statutorily constrained.[1] *See Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 880 (3d Cir. 1997) ("Aside from certified interlocutory appeals, an issue not raised by this case, the appellate jurisdiction of the district court and the court of appeals in

---

[1] This limitation is pursuant to the standing reference to the United States Bankruptcy Court in the District of New Jersey. *See In re Dwek*, 2010 WL 2545174, at *2 (D.N.J. June 18, 2010) (citing *Kohn v. Haymount Ltd. P'ship, LP*, 2006 WL 2417297, at *3–4 (D.N.J. Aug. 21, 2006)); U.S.D.C. for the District of N.J., Standing Order of Reference 12–1 (Sept. 18, 2012). *See also In re G-I Holdings, Inc.*, 295 B.R. 211, 215 (D.N.J. 2003) (concerning withdrawal of reference).

bankruptcy matters is limited by statute to final decisions, judgments, orders, and decrees of the bankruptcy courts."); *see also In re Caribbean Petroleum Corp.*, 580 F. App'x 82, 90 (3d Cir. 2014) (declining to consider issues not presented on appeal to the bankruptcy court or district court); *Dallas v. S.A.G., Inc.*, 836 F.2d 1307, 1310 (11th Cir. 1988). Therefore, the Court is authorized to act only on the orders and issues Appellant has raised on appeal, not all underlying bankruptcy proceedings. Second, the Court cannot grant an application for an attorney for either of Appellant's stated purposes as a practical matter. Appellant asks to retain a "Chapter 11 or Chapter 13 attorney." (Appellant's Mot. at 3.) On January 3, 2018, however, Judge Kaplan converted Appellant's bankruptcy from a Chapter 13 to Chapter 7 proceeding—the order and action which represents the substance of Appellant's appeal. (*See* Op. at 3–4, ECF No. 36.) Accordingly, Appellant's request is inapplicable. The Court also cannot grant Appellant's request because she seeks an attorney to assist with asset recovery and investigations for her current state proceedings.[2] As this Court has explained before, "[w]hile [the state actions] may be germane to her debt situation, they do not have direct bearing on the bankruptcy proceedings at hand" (Op. at 4, ECF No. 52), nor does this Court have the authority to review or disturb those state court decisions (Op. at 7, ECF No. 36).

Next, Appellant pledges a lien on her home as collateral for an attorney. The home in which she currently resides is estate property, *see* 11 U.S.C. § 541(a)(1) ("Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."), and "[i]t is the sole responsibility of the trustee to . . . administer estate assets," 1 Hon. Joan N. Feeney, et al., Bankruptcy Law Manual § 4:7

---

[2] In her reply, Appellant contends, "I will not use the $50,000 to pursue C316-06 and F-40519-09, but to secure the cash and assets I was promised I could bring to the table by the Chapter 7 Trustee." (Appellant's Reply at 6.) Based on Appellant's own representations in past filings, however, these assets are predicate on the successful appeal of her state court judgments.

(5th ed. 2016); *see also* 11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate."); 11 U.S.C. § 704(a) (detailing Chapter 7 trustee duties). Therefore, Trustee has the authority to make any liens or judgments on Appellant's home; Appellant lacks the power to do so without court approval or intervention. Finally, Trustee also has the power to seek court approval for the appointment of an attorney if Trustee believes it to be necessary. *See* 11 U.S.C. § 327(a).

In support of this Motion, Appellant also makes allegations that she is prejudiced in her ability to respond to Appellee's opposition brief without counsel, investigators have broken into her home to steal evidence, and that Trustee should be removed. (*See generally* Appellant's Mot.) The exhibits she attaches in support of this Motion are in opposition to Trustee's motion for the retention of an appraiser before Judge Kaplan and a letter detailing Trustee's allegedly inappropriate behavior. (*See* Exs. 1, 2, ECF No. 42.) These arguments bear a tenuous relationship to Appellant's Motion and will not be considered.

## CONCLUSION

For the reasons stated herein, Appellant's Motion is denied. An accompanying Order will follow.

Date: 5/9/18

ANNE E. THOMPSON, U.S.D.J.