NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RECEIVED JUN 13 2018 AT 8:30_____M WILLIAM T. WALSH CLERK

LYNN SMITH,

    Appellant,

v.

MANASQUAN BANK,

    Appellee.

Civ. No. 18-0048

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon a motion to stay district court appeal pending Third Circuit appeal by Appellant Lynn Smith ("Appellant"). (ECF No. 66.) Trustee Andrea Dobin ("Trustee") opposed. (ECF No. 69.) The Court has decided this Motion on the submissions of the parties without oral argument. *See* Local Civil Rule 78.1(b). For the reasons stated herein, Appellant's Motion is denied.

## BACKGROUND

This case is an appeal of a bankruptcy court decision by the Honorable Michael B. Kaplan, U.S.B.J. Appellant seeks review of Judge Kaplan's order converting her case from a Chapter 13 to Chapter 7 proceeding. (*See* Op. at 3, 3 n.1, ECF No. 36.) Relevant to the instant Motion, on April 30, 2018, the Court denied reconsideration of its earlier decision not to stay bankruptcy proceedings pending appeal in the district court (ECF Nos. 54, 55); on May 9, 2018,

1

the Court denied Appellant's motion to retain law firms for representation and asset recovery (ECF Nos. 59, 60); and on May 22, 2018, the Court issued a letter order addressing a docketing discrepancy and indicating that Appellant was not permitted to file a second amended reply brief (ECF No. 63). Appellant appealed these decisions to the U.S. Court of Appeals for the Third Circuit on May 24, 2018 and moved this Court to stay this appeal pending the Third Circuit appeal (ECF No. 66.) Appellant's husband and Interested Party Brian Smith filed a brief in support of the Motion on June 5, 2018. (ECF No. 68.) With the Court's leave, Trustee opposed on June 13, 2018. (ECF No. 69.)

## LEGAL STANDARD

The power to stay a proceeding pending appeal is derived from the inherent power of a court to efficiently manage its own docket. *Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 541–42 (D.N.J. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts employ the preliminary injunction factors to determine whether equity warrants a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [] (2) whether the applicant will be irreparably injured absent a stay; [] (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and [] (4) where the public interest lies.

*HR Staffing Consulting, LLC v. Butts*, 2015 WL 3561618, at *1–2 (D.N.J. June 4, 2018); *see also Aleynikov v. Goldman Sachs Grp., Inc.*, 2013 WL 12161863, at *2 (D.N.J. Oct. 29, 2013). A stay is considered an extraordinary remedy, and the requesting party bears the burden of showing that the circumstances justify exercise of the court's discretion. *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 449 (D.N.J. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009); *Landis*, 299 U.S. at 255)).

## DISCUSSION

Appellant asserts that the disposition of a Third Circuit appeal will "significantly enhance" her reply brief for the bankruptcy appeal, and "address many of the problems in bankruptcy court [the Court] has failed to address." (Appellant's Mot. at 1, ECF No. 66.) Trustee opposes, asserting that this Motion is procedurally improper[1] and that the Court has already decided this issue by denying two motions to stay bankruptcy proceedings. (Tr. Opp'n, ECF No. 69.) Each order and/or opinion Appellant has appealed and the factors for a stay are discussed below.

### I. Denial of Motion for Law Firm Representation (ECF Nos. 59, 60)

As a threshold matter, a court of appeals has jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. "A final, appealable decision is one 'by which a district court disassociates itself from a case.'" *Knick v. Twp. of Scott*, 862 F.3d 310, 316 (3d Cir. 2017) (quoting *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015)). The collateral order doctrine also allows courts to entertain appeals of limited "collateral rulings," or "decisions that are conclusive, that resolve important questions separate from the merits." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995)). The Third Circuit has expressly held that "the denial of a motion for counsel is not immediately appealable." *Catanzaro v. Collins*, 447 F. App'x 397, 399 (3d Cir. 2011) (citing

---

[1] The Court notes that the cases on which Trustee relies are factually distinct: both *Truong v. Kartzman*, 2007 WL 1816048 (D.N.J. June 22, 2007), and *Secianovic v. Jacobson*, 2006 WL 2376922 (D.N.J. Aug. 16, 2006), involve the initial appeal of a bankruptcy order to the district court. While Federal Rule of Bankruptcy Procedure 8007(a) provides that motions to stay should be filed with the bankruptcy court in the first instance, this Motion concerns the appeal of the district court's decision in a bankruptcy appeal to the Third Circuit. Accordingly, Appellant has appropriately moved this Court for a stay. *See* Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal.").

3

*Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). Because the Third Circuit does not have jurisdiction to hear an appeal of the Court's denial of her motion for law firm representation, Appellant cannot succeed on the merits of this appeal. Thus, it is not an appropriate basis on which to order a stay.

## II. Letter Order (ECF No. 63)

Like the issue of law firm representation, this letter order meets neither criterion for an appealable matter: it is a not a final judgment, nor does it conclusively resolve an important question related to the merits. This is a purely procedural matter regarding Appellant's ability to file a second amended reply brief, where the Court exercised its inherent discretion in managing its docket by denying leave to amend again. Accordingly, Appellant again cannot succeed on the merits of the appeal with respect to this order, and again, is not entitled to a stay.

## III. Denial of Reconsideration on Stay of Bankruptcy Proceedings (ECF Nos. 54, 55)

A district court's denial of a stay pending bankruptcy proceedings may practically be considered final and appealable. *See In re Revel AC, Inc.*, 802 F.3d 558, 566–67 (3d Cir. 2015). For this Motion, therefore, the Court will consider the same four factors it considered on the decision of whether to stay bankruptcy proceedings. (*See* Op. at 4 n.2, ECF No. 54; Op. at 9, ECF No. 36.) Once again in this respect, Appellant has not met the standard for a stay.

First, Appellant repeatedly emphasizes the wrongful state court judgments against her and money-due, which the Court construes to be an argument that her debt picture justifies conversion back to Chapter 13. (*See* Appellant's Mot. at 7 ("My husband submitted a sworn statement to this court that there is up to $617 million in cash and up to $5 billion in hard assets that can be seized for 201 families[.]").) The articles, letters, and other exhibits Appellant has attached to her pleadings are not sufficient evidence for the Court to conclude that these

4

judgments will be reversed on appeal. In raising this argument, Appellant also asks the Court to examine the merits of her state proceedings, which it cannot do. (Op. at 3, ECF No. 59.) Second, she repeatedly describes Trustee's misconduct and her alleged attempts to obstruct this appeal, but other than referencing another individual in bankruptcy before Judge Kaplan and with Trustee, she again provides no concrete evidence on which to determine that there is misconduct affecting her appeal. (*See* Appellant's Mot. at 3.)

Next, Mr. and Mrs. Smith highlight the danger that their daughter and family will suffer due to the sale of their home, as she is "violated by predators of a different sort." (*Id.*; *see also* Smith Br. at 3.) The automatic stay pursuant to 11 U.S.C. § 362 is still in effect in Appellant's bankruptcy proceedings, Judge Kaplan has not granted relief from the stay, and therefore Appellant's home is not subject to a sheriff's sale. (Op. at 5, ECF No. 36.) And, "the Court cannot conclude that a stay will alleviate or avoid harm." (Op. at 5, ECF No. 54.)

Finally, Appellant underscores the alleged "inhumane and unjudicial behavior on the part of Judge Kaplan," which this Court has "countenanced" in denying her previous motions. (Appellant's Mot. at 2.) The Court has already concluded that Judge Kaplan's conduct does not demonstrate partiality or bias under a reasonable person standard to warrant his disqualification. (*See* Op. at 7–8, ECF No. 36.) Moreover, Appellant misunderstands the clearly delineated lines of the Court's jurisdiction. This Court cannot rule on motions, approve pay-off offers, or endorse proposed plans that may be presented to Judge Kaplan; it can only address those final orders and judgments that have been appealed. *See, e.g., Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 880 (3d Cir. 1997). (*Cf.* Appellant's Mot. at 4, 5; Smith Br. at 2.)

This analysis recapitulates the Court's conclusion on Appellant's original motion to stay bankruptcy proceedings and on reconsideration thereof: Appellant cannot demonstrate a

5

likelihood of success on her underlying bankruptcy appeal—the conversion from Chapter 13 to Chapter 7 proceedings. Accordingly, because Appellant now appeals the denial of that reconsideration, the Court cannot conclude that she demonstrates a strong showing of success on the merits of her Third Circuit appeal. For this reason, as well as Appellant's failure to show irreparable harm that will result absent a stay, a stay of her district court appeal is not warranted.

## CONCLUSION

For the reasons stated herein, Appellant's Motion is denied. An accompanying Order will follow.

Date: 6/13/18

ANNE E. THOMPSON, U.S.D.J.

6